UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JACK R. MEDFORD </br></br> Plaintiff </br></br> v. </br></br> JASON PAINTER and </br> KEN'S HATCHERY & FISH FARM, INC. </br></br> Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )  CASE NO. 3:09-CV-00077 </br> ) |

**ANSWER OF DEFENDANT, KEN'S HATCHERY & FISH FARM, INC.**

The Defendant, Ken's Hatchery & Fish Farm, Inc. ("Ken's Hatchery"), by counsel, and for its Answer to the allegations contained in Plaintiff's Complaint, states as follows:

1. Ken's Hatchery has insufficient knowledge to answer the allegations contained in Paragraphs 1, 2, 7, 9, 10, 11, 12, 13, 15, 19, 21 and 23 of the Complaint and therefore denies them.

2. With regard to Paragraph 3 of the Complaint, Ken's Hatchery admits the allegations contained in the first sentence of that Paragraph, but denies all remaining allegations contained in Paragraph 3 of the Complaint.

3. Ken's Hatchery denies the allegations contained in Paragraphs 4, 5, 8, 22, 26, 27, 28, 29, 31, 32, 33, 35 and 36.

4. With regard to Paragraph 6 of the Complaint, Ken's Hatchery admits that Plaintiff seeks damages in this action, but denies that it is liable for any damages to Plaintiff.

5. With regard to Paragraph 14 of the Complaint, Ken's Hatchery denies that Jason Painter was its agent for any purpose relevant to this action.  Ken's Hatchery has insufficient

knowledge to answer the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies them.

6. With regard to Paragraph 16 of the Complaint, Ken's Hatchery has insufficient knowledge to answer the allegations regarding any recommendations made by Defendant, Jason Painter, to Plaintiff and therefore denies all such allegations. Ken's Hatchery denies all remaining allegations contained in Paragraph 16 of the Complaint.

7. With regard to Paragraph 17 of the Complaint, Ken's Hatchery admits that it received payment from Plaintiff for products he purchased, but has insufficient knowledge to answer the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies all such allegations.

8. With regard to Paragraph 18 of the Complaint, Ken's Hatchery denies that Jason Painter was its agent for any purpose relevant to this action. Ken's Hatchery has insufficient knowledge to answer the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies them.

9. With regard to Paragraph 20 of the Complaint, Ken's Hatchery has insufficient knowledge to answer the allegations regarding any recommendations made by Defendant, Jason Painter, to Plaintiff and therefore denies all such allegations. Ken's Hatchery denies all remaining allegations contained in Paragraph 20 of the Complaint.

10. With regard to Paragraph 24 of the Complaint, Ken's Hatchery has insufficient knowledge to answer the allegations regarding any recommendations made by Defendant, Jason Painter, to Plaintiff and therefore denies all such allegations. Ken's Hatchery denies all remaining allegations contained in Paragraph 24 of the Complaint.

11. With regard to Paragraph 25 of the Complaint, Ken's Hatchery acknowledges that Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 24 of the Complaint and Ken's Hatchery incorporates by reference each of its answers and responses to Paragraphs 1 through 24 of the Complaint.

12. With regard to Paragraph 30 of the Complaint, Ken's Hatchery acknowledges that Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29 of the Complaint and Ken's Hatchery incorporates by reference each of its answers and responses to Paragraphs 1 through 29 of the Complaint.

13. With regard to Paragraph 34 of the Complaint, Ken's Hatchery acknowledges that Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of the Complaint and Ken's Hatchery incorporates by reference each of its answers and responses to Paragraphs 1 through 33 of the Complaint.

14. Ken's Hatchery denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks personal jurisdiction over Ken's Hatchery.

### THIRD DEFENSE

The Plaintiff has alleged that the negligence, acts, and/or omissions of Jason Painter caused

the injuries claimed by him in his Complaint; such negligence, acts, and/or omissions were the sole, superseding cause of the Plaintiff's damages, and Ken's Hatchery relies on same as a complete or partial bar to the claims against it in the Complaint.

## FOURTH DEFENSE

Other persons or entities, whether or not named in this litigation, may have been negligent and may be liable for the claims at issue, including by not limited to Defendant, Jason Painter, and Plaintiff; Ken's Hatchery relies upon same as a complete or partial bar to the claims against it.

## FIFTH DEFENSE

The Plaintiff may have failed to mitigate any damages that he may have sustained.

## SIXTH DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

The damages claimed by Plaintiff, if any, were not caused by Ken's Hatchery, but may have resulted from superseding and/or intervening causes over which Ken's Hatchery had no control.

## EIGHTH DEFENSE

Ken's Hatchery relies on the defenses of accord and satisfaction, waiver, and/or release as a bar to some or all of the claims contained in the Complaint.

## NINTH DEFENSE

Ken's Hatchery relies on the defenses of laches and estoppel as a bar to the Complaint.

## TENTH DEFENSE

Ken's Hatchery reserves the right to seek apportionment of fault pursuant to KRS 411.182.

### ELEVENTH DEFENSE

Ken's Hatchery relies on the statute of frauds and/or failure of consideration as a defense to the Plaintiff's claims.

### TWELFTH DEFENSE

The damages, if any, claimed by Plaintiff, may have been caused by a source other than the conduct alleged in the Complaint, but may have been caused at some other time and by some other event or condition.

### THIRTEENTH DEFENSE

Any awards in favor of the Plaintiff for punitive damages not established by clear and convincing evidence would violate Ken's Hatchery's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Kentucky Constitution.

### FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained as an award of punitive damages under Kentucky law by a jury that: 1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of the punitive damages award; 2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; 3) is not expressly prohibited from awarding punitive damages or determining the amount and award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including, but not limited to, the corporate status of Ken's Hatchery;  4) is permitted to award punitive damages under a standard for determining liability that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible;

and 5) is not subject to judicial review on the basis of objective standards, and thus would violate Ken's Hatchery's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by the Kentucky Constitution provisions providing for due process and equal protection.

### FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to compensatory damages.

### SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because Ken's Hatchery did not receive fair notice not only of the conduct that would subject it to punishment but also to the severity of the penalty that Kentucky may impose.

### SEVENTEENTH DEFENSE

Ken's Hatchery's conduct did not rise to the level of intentional, wanton or reckless behavior necessary for Plaintiff to be awarded punitive damages.

### EIGHTEENTH DEFENSE

The Complaint fails to state facts sufficient to constitute a valid claim for attorney's fees.

### NINETEENTH DEFENSE

Ken's Hatchery reserves the right to assert any other affirmative defenses that may arise during the course of discovery.

WHEREFORE, the Defendant, Ken's Hatchery & Fish Farm, Inc. demands as follows:

1.  That the Plaintiff's Complaint be dismissed;

2. That it recover any expended costs;

3. A trial by jury; and

4. Any and all other relief to which it may appear entitled.

Respectfully submitted,

s/Pamela J. Ledford
R. Douglas Burchett
Pamela J. Ledford
Blackburn Domene & Burchett PLLC
614 W. Main Street, Suite 3000
Louisville, Kentucky 40202
Tel. (502) 584-1600
Fax (502) 584-9971
*Counsel for Defendant, Ken's Hatchery & Fish Farm, Inc.*

## CERTIFICATE OF SERVICE

It is hereby certified that on February 10th, 2009, I electronically filed the foregoing Answer with the clerk of the court by using the CM/ECF system to the following:

Steven A. Brehm
Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
sab@gdm.com
*Counsel for Plaintiff*

I hereby further certify that a copy of the foregoing Answer was mailed by first-class mail, postage pre-paid, on February 10th, 2009 to the following:

Steven Snow
117 Wiltshire Ave.
Louisville, KY 40207
*Counsel for Defendant, Jason Painter*

s/Pamela L. Ledford
Counsel for Defendant

H:\Ken's Fish Farm\Pleadings\answer.wpd

7